UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-22486-ALTMAN/REID

VALERIE ADELE SCHNEIDER,

    Plaintiff,

v.

WAL-MART STORES EAST, LP,

    Defendant.

_____/

## REPORT OF MAGISTRATE JUDGE

This cause is before the Court on Plaintiff, Valerie Adele Schneider's Motion for Taxable Costs, [ECF No. 65], which was referred to the Undersigned for a Report and Recommendation. [ECF No. 66]. As addressed below, it is **RECOMMENDED** that the Motion be **GRANTED in part**, and Plaintiff be awarded $6,476.79 in taxable costs.

## BACKGROUND

This is a negligence action in which Plaintiff contends she slipped and fell at Defendant, Wal-Mart Stores East, LP's ("Defendant"), store, causing her to sustain serious injuries. *See generally* [ECF No. 1-2]. At trial, a jury found Defendant was entirely at fault, and awarded Plaintiff $406,000 in damages. [ECF No. 61]. Final Judgment was entered on April 15, 2022. [ECF No. 62]. Shortly thereafter, Plaintiff filed her Motion for Taxable Costs on April 29, 2022, in which Plaintiff is seeking costs for the following: (1) $4,556.00 in transcript fees; (2) $175.75 in copies of records; (3) $80.00 for witness fees; (4) $640.00 in process server fees; and (5) $415.04 for the filing fee. [ECF No. 65 at 2] (citing 28 U.S.C. § 1920). Defendant filed no response.

1

**DISCUSSION**

Plaintiff seeks $6,751.79[1] in taxable costs under Fed. R. Civ. P. 54(d). The taxable costs Plaintiff seeks are those permitted under 28 U.S.C. § 1920. Plaintiff's Motion, as well as her Bill of Costs, largely comply with the statutory requirements, Federal Rules of Civil Procedure, and the Local Rules for this District. As discussed fully below, although Plaintiff is entitled to taxable costs, the amount should be reduced to $6,476.79.

Fed. R. Civ. P. 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Generally, under Rule 54(d), the prevailing party is the one who receives a favorable judgment. *Ware v. Pine State Mortgage Corp.*, 754 F. App'x 831, 832 (11th Cir. 2018) (citing *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995)). The taxable costs a prevailing party may collect are those specified in 28 U.S.C. § 1920. *Id.* Rule 54(d), therefore, "creates a strong presumption that the prevailing party will be awarded costs provided those costs do not exceed those permitted by 28 U.S.C. § 1920." *Henderson v. Franklin*, 782 F. App'x 866, 874 (11th Cir. 2019) (internal quotation marks and citation omitted). Section 1920 provides that a Court of the United States may tax as costs the following:

(1) "fees of the clerk and marshal";

(2) "fees for printed or electronically recorded transcripts necessarily obtained for use in the case";

(3) fees related to "printing and witnesses";

(4) fees for "exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case";

---

[1] In her Motion, Plaintiff initially claims she is seeking $6,711.79. [ECF No. 65 at 2]. The amount Plaintiff lists in her Bill of Costs, as well as in the conclusion of her Motion, however, is $6,751.79, which is the correct figure based on the various costs contained therein. [*Id.* at 5, 8]. Accordingly, the initial figure included in the Motion is presumed to be a typographical error.

(5) "docket fees"; and

(6) "compensation of court appointed experts" and fees related to interpretation services.

28 U.S.C. § 1920(1)–(6). The party requesting costs bears the burden of submitting a request which allows the court to make an informed decision regarding the appropriateness of the costs sought. *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994). Additionally, Local Rule 7.3(c) requires the movant to file a Bill of Costs that provides the taxable costs the party seeks under 28 U.S.C. § 1920. S.D. Fla. L.R. 7.3(c).

**I.      Transcript Fees**

The first set of costs Plaintiff seeks are the transcript fees incurred in preparation for trial. [ECF No. 65 at 3]. Section 1920(2) permits recovery of costs for the "[f]ees of the court for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Although use of a transcript at trial is the quintessential indication the transcript was necessarily obtained, transcript fees are still taxable even when they are not critical to a party's success. *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1337 (S.D. Fla. 2009) (citing *EEOC v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). "Because the parties presumably have equal knowledge of the basis for each deposition … the non-prevailing party bears the burden of showing that specific deposition costs or a court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *Id.*

Here, Plaintiff seeks costs associated with the deposition transcripts of ten individuals as well as the transcripts for calendar call and the pre-trial conference held on April 5, 2022. [ECF No. 65 at 3]. Plaintiff asserts these transcripts were necessarily obtained for use in the case because "[a]ll of [the listed] witnesses testified at trial and the transcript of the calendar call/pre-trial hearing contained essential information regarding the Court's pre-trial rulings and procedures."

3

[*Id.* at 2–3]. That all of the ten listed individuals testified at trial[2] strongly supports Plaintiff's contention that the depositions were necessarily obtained for use in the case. Because these individuals testified, their deposition testimony was crucial for Plaintiff to cross-examine these individuals or to ensure their trial testimony was consistent with previous statements. Plaintiff was not required to have necessarily used each of these depositions for this purpose at trial. Rather, these depositions transcripts merely must have been obtained for use in the case. The same holds true for the transcripts for calendar call and the pre-trial conference. Defendant bears the burden of showing a specific deposition, or the transcripts of the in-court proceedings, were not necessary for use in the case. Defendant, however, has not filed any response, and has therefore failed to meet its burden. Accordingly, Plaintiff should be awarded the taxable costs associated with deposition transcripts, and transcripts for calendar call and the pre-trial conference.

**II.     Copies of Records**

Plaintiff seeks $175.75 in costs for electronic copies of medical records. Section 1920(4) provides that a party may recover "fees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The party seeking taxation of costs incurred in copying documents must provide evidence "regarding the documents copied including their use or intended use." *Cullens v. Georgia Dept. of Trans.*, 29 F.3d 1489, 1494 (11th Cir. 1994). "Because the prevailing party alone knows the purpose of the copies, it cannot simply make unsubstantiated claims that copies of the documents were necessary." *Monelus*, 609 F. Supp. 2d at 1335 (citing *Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp. 1568, 1570 (N.D. Ga. 1992)). "Rather, the prevailing party must provide information regarding the purpose of the copies charged so the court will be

---

[2] In her motion, Plaintiff lists ten individuals whose deposition transcript costs she seeks to recoup as costs: Eddy Cabrera, Terrance Johnson, Flor Giron, James Jump, Valerie Schneider, Brandi Randall, Mehul Desai, Craig Steiner, Carl Eierle, and Nancy Milchalski. [ECF No. 65 at 3]. Plaintiff includes two separate listings for deposition transcripts for Mehul Desai in her Bill of Costs. [*Id.* at 8].

able to determine the purpose of the copies as well as whether the rates paid for copies were reasonable, and whether the copies made were related to the action at issue." *Id.*

In support of her request for taxable costs for copies, Plaintiff provides only that she "seeks to recover a total of $175.75 in costs for electronic copies of medical records as outlined in the attached bill of costs." [ECF No. 65 at 4]. The Bill of Costs and invoices for the records, however, provides greater detail. The invoices include the medical provider, the number of pages copied, the cost per page, as well as the total cost for the copies. [*Id.* at 11–16]. Although the Motion was sparse in its explanation of the purpose of the copied medical records, this Court can reasonably infer the purpose copies of medical records serve in a negligence action. Undoubtedly, these medical records formed the basis of Plaintiff's claims, and demonstrated the extent of her injuries and damages. Accordingly, Plaintiff has presented sufficient information with which this Court can determine the propriety of awarding taxable costs for copies of records. The rates charged for these copies appear reasonable, and the copies themselves were important to the action at issue. Therefore, Plaintiff should receive $175.75 in taxable costs for the copies of the medical records.

**III.     Witness Fees**

Plaintiff asks for a total of $80.00 for witness fees. Under Section 1920(3) and 28 U.S.C. § 1821, a prevailing party may not tax "any amount for expert witness fees in excess of the $40 per day allowed under § 1821." *Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 463 (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987)). Plaintiff is seeking $40.00 in costs for two expert witnesses who testified at trial. Plaintiff's request complies with the statutory requirements, and she is therefore entitled to $80.00 in witness fees.

### IV.   Process Server Fees

Plaintiff requests $640.00 for the "costs incurred in serving the Summons on Defendant and trial subpoenas on witnesses who testified at trial." [ECF No. 65 at 4]. Section 1920(1) permits taxation of costs for "fees of the clerk and marshal." 28 U.S.C. § 1920(1). Although the statutory language does not expressly provide for recovery of fees for private party process servers, the Eleventh Circuit has recognized that "[s]ince the enactment of section 1920(1), the method of serving civil summonses and subpoenas has changed. The U.S. Marshal no longer has that responsibility in most cases, but rather a private party must be employed as process server." *W & O, Inc.*, 213 F.3d at 623 (quotation and internal citations omitted). As such, "private process server fees may be taxed pursuant to §§ 1920(1) and 1921 … [as long as] taxing private process server fees … do not exceed the statutory fees authorized in § 1921." *Id.* at 624. The current Marshal's fee is $65 per hour (or portion thereof). 28 C.F.R. § 0.114(a)(3).

Here, Plaintiff is seeking to recoup private process server fees for six separate incidents of service. [ECF No. 65 at 8]. Aside for the service of the Summons on Defendant, the fees associated with each incident of service is $120.00. [*Id.*]. In the instant Motion, Plaintiff does not provide what the hourly rate is for "Executive Express, LLC" the private process server Plaintiff used. Plaintiff's only explanation of why she is entitled to process server fees is that she "was required to serve the Summons on the Defendant, Walmart Stores East, LP and trial subpoenas on five witnesses who testified in Plaintiff's case as outlined in the attached bill of costs." [*Id.* at 5]. Further, the invoices from Executive Express, which Plaintiff has included in support of her Motion, provide no information regarding their hourly rate, or how long each separate service of process took. *See* [*Id.* at 35–40]. As such, this Court cannot ascertain whether the hourly rate exceeds the $65 permitted under § 0.114(a)(3). This does not mean Plaintiff is not entitled to

recoup any of the fees incurred in effecting service. Rather, aside from the $40 fee associated with the service of the Summons, it is recommended that the other service of process fees should be reduced to $65 to comply with the Marshal's hourly rate, which would total the amount of Plaintiff's taxable costs for process server fees to $365.00. *See Goncharenko v. Royal Caribbean Cruises, Ltd.*, No. 16-21461-CIV, 2017 WL 11220363 (S.D. Fla. Nov. 15, 2017), *report and recommendation adopted*, No. 16-21461-CIV, 2017 WL 11220356 (S.D. Fla. Dec. 4, 2017) (reducing fees sought for service of process from $120.00 to $65.00 for each subpoena that had been served).

## V. Fees of the Clerk

Plaintiff hopes to recoup "$415.04 expended for the filing fee paid to the Miami Dade Clerk of Court to initiate this lawsuit." [ECF No. 65 at 5]. Section 1920(5) permits recovery of "[d]ocket fees under section 1923 of this title." *Mid-Continent Cas. Co. v. Arpin & Sons, LLC*, No. 16-21341-CIV, 2017 WL 3601363, at *4 (S.D. Fla. July 28, 2017); *see also James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 652 (S.D. Fla. 2007) (concluding that docket fee are permitted taxable costs under Section 1920(5)). As docketing fees are acceptable taxable costs under Section 1920(5), and Defendant has failed to raise any objections to Plaintiff's Motion, Plaintiff should be awarded $415.04 in taxable costs based on the cost of the filing fee paid in initiating this lawsuit.

## VI. Translation Services

In her Bill of Costs, Plaintiff includes two separate charges for translation services from "Precision Translating." [ECF No. 65 at 8]. The first, for $237.50 labeled as "Translation Services for Deposition of Eddy Cabrera." [*Id.*]. The second, for $647.50 for "Trial Translation Services." [*Id.*]. Plaintiff, however, failed to address these costs at all in the body of her Motion. Notwithstanding, Section 1920(6) provides for "[c]ompensation of court appointed experts,

compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under Section 1828 of this title." 28 U.S.C. § 1920(6). Courts within this district have awarded costs for private interpreter services. *See, e.g., Vallejo v. Narcos Prods. LLC*, No. 18-23462-CIV, 2020 WL 6815056 (S.D. Fla. Aug. 24, 2020), *report and recommendation adopted*, No. 18-23462-CIV, 2020 WL 5626635 (S.D. Fla. Sept. 21, 2020) (recommending that Defendant be awarded taxable costs for translation services because "indeed Section 1920 expressly permits the recuperation of interpreter services); *Procaps v. Patheon Inc.*, No. 12-24356-CIV, 2016 WL 411017, at *14 (S.D. Fla. Feb. 2, 2016) (same).

She should still be permitted to recoup these costs. First, these costs are statutorily permitted. Second, the description provided in the Bill of Costs [ECF No. 65 at 8] and invoices from Precision Translating [*Id.* at 33–34] are sufficient to show these translation services were necessary to facilitate important deposition and trial testimony, and were therefore necessarily obtained for use in the case. Lastly, Defendant has not contested these costs. Therefore, Plaintiff should be allowed to tax as costs $885.00 for the translation services.

## CONCLUSION

Based on the foregoing it is **RECOMMENDED** that Plaintiff's Motion for Taxable Costs [ECF No. 65] be **GRANTED in part**, and Plaintiff be awarded $6,476.79 in taxable costs.

Objections to this Report may be filed with the district judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the district judge of anything in this Report and shall constitute a waiver of a party's "right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 25th day of May, 2022.

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc: **United States District Judge Roy K. Altman**

**All Counsel of Record**