UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-22486-CIV-ALTMAN/Reid

**VALERIE ADELE SCHNEIDER**,

    *Plaintiff*,

v.

**WAL-MART STORES EAST, LP**,

    *Defendant*.

_____/

## ORDER

The Plaintiff filed a Motion for Taxable Costs (the "Motion") [ECF No. 65], in which she sought costs for transcript fees, copies of records, witness fees, process-server fees, and the filing fee. The Court referred this matter to United States Magistrate Judge Lissette M. Reid for a Report and Recommendation under 28 U.S.C. § 636 and Local Magistrate Judge Rule 1. *See* Order of Referral [ECF No. 66].

On May 25, 2022, Magistrate Judge Reid issued a Report and Recommendation [ECF. No. 67] (the "R&R"), recommending that the Motion be **GRANTED in part** and that the Plaintiff be awarded $6,476.79 in taxable costs. R&R at 1. In the R&R, Magistrate Judge Reid also warned:

> Objections to this Report may be filed with the district judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a de novo determination by the district judge of anything in this Report and shall constitute a waiver of a party's right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.

*Id.* at 8. The 14-day deadline has expired, and no party has objected. *See generally* Docket.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although

Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require *de novo* review only where objections have been properly filed—and not, as here, when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

The Court has reviewed the R&R, the record, and the applicable law, and can find no clear error on the face of the R&R. Accordingly, the Court hereby **ORDERS AND ADJUDGES** as follows:

1. The R&R [ECF No. 67] is **ACCEPTED and ADOPTED**.

2. The Motion [ECF No. 65] is **GRANTED in part**, and the Plaintiff shall be awarded **$6,476.79** in taxable costs, for which sum execution shall issue.

3. The case shall remain **CLOSED**. Any other deadlines are **TERMINATED**, and any other pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Miami, Florida this 10th day of June 2022.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record